UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALEJANDRO JORGE-CHAVELAS, ET AL.

CIVIL ACTION

VERSUS

NO. 15-657-JWD-EWD

LOUISIANA FARM BUREAU CASUALTY
INSURANCE COMPANY, ET AL.

## RULING ON MOTION FOR LEAVE TO INTERVENE

Before the Court is a Motion for Leave to Intervene (the "Motion to Intervene")[1] filed by American Interstate Insurance Company ("American"). No opposition to the Motion to Intervene has been filed by any party. Per American's Motion to Intervene, all parties have been contacted, and none oppose the filing of a Motion to Intervene on behalf of American.[2] For the reasons set forth herein, American's Motion to Intervene is GRANTED.[3]

### I.     Background

On October 5, 2015, Plaintiffs, Alejandro Jorge-Chavelas and Alfredo Morena-Abarca (collectively, "Plaintiffs") filed suit against Louisiana Farm Bureau Casualty Insurance Company, Louisiana Farm Bureau Mutual Insurance Company, Harang Sugars, LLC, and Calvin Smith, Jr.[4] Thereafter, on November 17, 2015, Plaintiffs filed an Amended Complaint adding Lee Harang as

---

[1] R. Doc. 19.

[2] R. Doc. 19 & R. Doc. 19-2.

[3] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also*, *Stephens v. State Farm and Cas. Co.*, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

[4] R. Doc. 1.

1

a defendant.  Jurisdiction over this action is based on diversity.[5]  Plaintiffs have also asserted alternative federal claims under the Fair Labor Standards Act.[6]

Plaintiffs allege that on August 14, 2015, they suffered severe personal injuries when a Harang Sugars tractor driven by Calvin Smith, Jr. "crashed" into a Harang Sugars tractor/cane cart combination.[7]  Plaintiffs allege they were sitting on the back of the cane cart at the time of the accident.[8]  Plaintiffs allege that at the time of the accident, they were employees of non-party Lowry Farms, Inc. ("Lowry Farms").[9]

Per American's proposed Petition of Intervention, American issued a policy of workers' compensation insurance in favor of Lowry Farms.[10]  American alleges that it has paid to or on behalf of Plaintiffs workers' compensation benefits and medical expenses and may be liable to pay future workers' compensation benefits and medical expenses.[11]  American asserts that it is legally, equitably, or contractually subrogated to the rights of Plaintiffs to the extent it has paid or will pay

---

[5] Plaintiffs allege they are both Mexican nationals residing in Louisiana as "H-2A workers."  R. Doc. 10, ¶¶ 1 & 2. Defendant Louisiana Farm Bureau Casualty Company is a Louisiana insurance company with its principal office in East Baton Rouge Parish, Louisiana.  R. Doc. 10, ¶ 3; R. Doc. 14, ¶ 3.  Defendant Louisiana Farm Bureau Mutual Insurance Company is a Louisiana insurance company with its principal office in Louisiana.  R. Doc. 10, ¶ 4; R. Doc. 14, ¶ 4.  Defendant Harang Sugars, LLC is a Louisiana limited liability company whose members are Louisiana citizens.  R. Doc. 10, ¶ 5; R. Doc. 13, ¶ 5.  Defendant Lee Harang is a natural person domiciled in Louisiana.  R. Doc. 10, ¶ 5a; R. Doc. 13, ¶ 5a.  Defendant Calvin Smith is a natural person domiciled in Louisiana.  R. Doc. 10, ¶ 6; R. Doc. 13, ¶ 6.  On June 6, 2016, American filed a Statement of Citizenship asserting that it is "a property and casualty insurance company organized and domiciled under the laws of the state of Nebraska, but licensed to provide and providing workers compensation insurance in Louisiana."  R. Doc. 27.  Accordingly, American's intervention in this suit will not destroy the Court's subject matter jurisdiction.

[6] R. Doc. 10.

[7] R. Doc. 10, ¶¶ 9-14.  In the parties' status report, Plaintiffs assert that Jorge-Chavelas lost one of his legs in the accident, and that Moreno-Abarca lost use of one of his legs.  R. Doc. 16.

[8] R. Doc. 10, ¶ 13.

[9] *See*, R. Doc. 10, ¶¶ 30-38.  Plaintiffs assert that they were not employees of Harang Sugars at the time of the accident; however, in the event the Court determines they were employees of Harang Sugars, Plaintiffs have brought alternative claims for breach of contract, violation of the Fair Labor Standards Act, and violation of the Louisiana Wage Payment Law.

[10] R. Doc. 19-1, ¶ 4.

[11] R. Doc. 19-1, ¶ 5.

amounts to or on behalf of Plaintiffs.[12]  American seeks to intervene in this suit for reimbursement of all amounts paid to or on behalf of Plaintiffs[13] and for a credit against future liability for any recovery by Plaintiffs.[14]  Alternatively, in the event it is determined that Plaintiffs were not in the course and scope of their employment or otherwise were not entitled to workers' compensation benefits, American asserts Plaintiffs must repay amounts paid in error.[15]

## II.    Law and Analysis

American does not specify whether it seeks to intervene as of right under Fed. R. Civ. P. 24(a) or permissively under Fed. R. Civ. P. 24(b).  As set forth herein, because the Court finds American is an intervenor of right, the Court does not conduct an analysis of permissive intervention pursuant to Fed. R. Civ. P. 24(b).

### A. Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).  The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970).  Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).  The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of

---

[12] R. Doc. 19-1, ¶ 7.

[13] R. Doc. 19-1, ¶ 9.  American asserts that its statutory lien takes precedence and priority over any claims by Plaintiffs.  R. Doc. 19-1, ¶ 11.

[14] R. Doc. 19-1, ¶ 13.

[15] R. Doc. 19-1, ¶ 10. *See also*, R. Doc. 19-1, ¶ 12.

the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

Here, Plaintiffs filed suit in October, 2015. American filed its Motion for Leave to Intervene on January 12, 2016.[16] No party has asserted the Motion to Intervene is untimely. A jury trial is currently scheduled for July 17, 2017.[17] Considering the lack of opposition to American's Motion to Intervene, the procedural posture of this suit and scheduled trial date, and the extent of prejudice to American if it is not allowed to intervene (discussed below), the Court finds that American's Motion to Intervene is timely.

### B. Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above, the Court finds that American's Motion to Intervene is timely.

---

[16] R. Doc. 19.

[17] R. Doc. 20.

4

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee…or the employer or insurer bring suits against a third person…he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. §23:1102(A). "Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit….")). *See also*, *Senac v. Sandefer*, 418 So. 2d 543, n. 1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 884 (5th Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Allstate Indem. Co. v. Knighten*, 705 So. 2d 240, 242 (La. App. 2. Cir. 1997) ("While the statutory language is permissive regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.").

In light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors. *See*, *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (W.D. La. Jan. 6, 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance….Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.). Here, American alleges that it has paid workers' compensation benefits to Plaintiffs and seeks reimbursement for same. Unless American is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds American to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).[18]

Because the Court finds American should be permitted to intervene of right, it is not necessary to evaluate permissive intervention pursuant to Fed. R. Civ. P. 24(b).

---

[18] No party contends, and the Court does not find, that American's interests are adequately represented by either Plaintiffs or Defendants in this suit. Like Plaintiffs, American has an interest in maximizing recovery against Defendants. *See*, *Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). However, the recovery sought by American (reimbursement for past payments and a credit for future amounts) is separate from Plaintiffs' damage claim.

## III.    Conclusion

For the reasons set forth herein, American Interstate Insurance Company's Motion for Leave to Intervene[19] is GRANTED.

Signed in Baton Rouge, Louisiana, on June 9, 2016.

 

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] R. Doc. 19.